```
FILED
JUL 16 2012
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
```

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In the Matter of )   Case No. 08-14334-B-7

Francisco Lujan Garcia and Liduvina
Garcia Garcia,

               Debtors.

_____ )   Adversary Proc. No. 09-1104

James E. Salven, Chapter 7 Trustee,

               Plaintiff,

     v.

Tony Serra,

               Defendant.

_____

**MEMORANDUM DECISION AFTER TRIAL**

This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Trudi G. Manfredo, Esq., appeared on behalf of James E. Salven, Chapter 7 Trustee, who was also present.

J. Tony Serra, pro se, did not appear but rather waived his right to appear and participate in the trial.

    Before the court is an avoidance action initiated by the chapter 7 trustee James E. Salven (the "Trustee") against the defendant J. Tony Serra ("Serra") to avoid and recover a fraudulent transfer under 11 U.S.C. § 548.[1] The Trustee had alleged that the debtors

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the

1    Francisco and Liduvina Garcia (the "Debtors") gave $30,000 to Serra, without consideration,

2    prior to the filing of their petition. On November 19, 2009, the court granted summary

3    judgment in favor of the Trustee on his § 548 claim. Serra appealed the grant of summary

4    judgment to the U.S. District Court for the Eastern District of California. The district court

5    affirmed the summary judgment in all respects except on the issue of whether the funds

6    transferred to Serra were property of the Debtors, which was not specifically addressed in the

7    summary judgment motion. The district court then remanded the matter to this court for trial

8    on that single issue. That trial was held on June 1, 2012. Based on the evidence presented

9    by the Trustee, the court finds that the $30,000 transferred to Serra was property of the

10   Debtors and that the Trustee has therefore established the requisite elements for a claim

11   under § 548.

12       This memorandum decision contains the court's findings of fact and conclusions of

13   law as required by Federal Rule of Civil Procedure 52(a), made applicable to this adversary

14   proceeding by Federal Rule of Bankruptcy Procedure 7052. The bankruptcy court has

15   jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 548, and General

16   Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This

17   is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(H).

18   **Background and Findings of Fact.**

19       On May 15, 2008, prior to the filing of the Debtors' petition, the debtor Francisco

20   Garcia wrote a personal check, numbered #2055, to Serra in the amount of $30,000 from a

21   Wells Fargo bank account held in the names of the Debtors. The printed names "Francisco

22   L. Garcia" and "Liduvina G. Garcia" appear in the upper-left-hand corner of the check, along

23   with their home address. Serra negotiated the check the next day. The Debtors had

24   transferred these funds to Serra, an attorney, on behalf of their son so that Serra would

25   represent their son in a pending criminal matter. In a letter dated August 28, 2008, Serra

26   acknowledged that he had received the check from the debtor Francisco Garcia.

27   _____

28   effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of
     2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

1   The Debtors filed their petition under chapter 7 on July 22, 2008. The Trustee was
2   appointed as the chapter 7 trustee in the Debtors' case. On the Debtors' original schedules
3   and statements, no relatives were listed as creditors, nor was the $30,000 transfer to Serra
4   disclosed on the Statement of Financial Affairs ("SOFA").

5   The Debtors amended their SOFA on September 10, 2008, to disclose the $30,000
6   transfer to Serra. Specifically, the amended SOFA read,

7   Debtors' son Miguel Angel Garcia was charged with a crime. Friends
    and family entrusted Debtors with approximately $29,000.00 to pay
8   criminal defense attorney, J. Tony Serra, on son's behalf.

9   Approx. $1,000.00 was transferred from son, Miguel Angel Garcia, to
    debtors, to also pay attorney J. Tony Serra.
10
    Total for attorney fees was $30,000.00. NO VALUE RECEIVED.
11

12   Other than these broad, general statements, there was no specific evidence or reference to
13   when these funds were entrusted to the Debtors or who from the Debtors' "friends and
14   family" provided the funds.

15   On May 29, 2009, the Trustee commenced an adversary proceeding against Serra. In
16   his complaint, the Trustee alleged that the Debtors were insolvent at the time they transferred
17   the $30,000 to Serra and received less than reasonably equivalent value in exchange for the
18   transfer. Based on these facts, the Trustee sought to avoid transfer as fraudulent and recover
19   the money under §§ 548 and 550.

20   On October 6, 2009, the Trustee filed a motion for summary judgment. Serra
21   responded with a cross-motion for summary judgment the following day. On November 19,
22   2009, the court entered an order granting the Trustee's motion and finding that the Trustee
23   was entitled to summary judgment as a matter of law. Serra appealed the order to the district
24   court.

25   The district court affirmed the summary judgment ruling on all issues except the
26   question of whether the $30,000 was property of the Debtors. That issue was remanded to
27   this court for further consideration. A trial on the remanded issue was set for June 1, 2012.
28   One day before the trial, on May 30, Serra filed a document with the court affirmatively

1    waiving his right to appear and participate at trial.

2          At trial, the Trustee submitted all of his exhibits into evidence without objection.

3    Because Serra did not participate, there was no evidence presented in his defense. After the

4    closing of evidence, this court indicated its intent to find in favor of the Trustee based on the

5    evidence presented.    However, the court directed the Trustee to submit a proposed

6    memorandum decision with findings of fact and conclusions of law to the court by June 14,

7    2012, and permitted Serra to file any objection to the proposed ruling by June 21. On June

8    19, Serra timely filed his objection, arguing that the Trustee failed to present any evidence

9    concerning the origins of the $30,000 in the Debtors' bank account.

10   **Discussion and Conclusions of Law.**

11          "The trustee may avoid any transfer *of an interest of the debtor* in property" where that

12   transfer is found to be fraudulent under § 548 (emphasis added). § 548(a). Because the court

13   has already granted summary judgment in the Trustee's favor on the other elements of § 548,

14   the sole remaining issue to be decided now is whether the Debtors had an "interest" in the

15   funds that were transferred to Serra. In other words, did the $30,000 constitute the Debtors'

16   property?

17          Though it appears in §§ 544, 547, and 548, the term "interest of the debtor in

18   property" is not otherwise defined by the Bankruptcy Code. *Assocs. v. Diamant (In re*

19   *Advent Mgmt. Corp.)*, 178 B.R. 480, 487 (9th Cir. BAP 1994) (citation omitted). However,

20   this term "is best understood as that property that would have been part of the estate had it

21   not been transferred before the commencement of bankruptcy proceedings." *Begier v. I.R.S.*,

22   496 U.S. 53, 58 (1990) (considering preferential transfer claim under § 547). Accordingly,

23   the court must refer to § 541, "which delineates the scope of 'property of the estate' and

24   serves as the postpetition analog to [§ 548(a)'s] ["interest of the debtor in property"]." *Id.*

25   at 59.

26          Section 541, in turn, defines property of the estate as "all legal or equitable interests

27   of the debtor in property" but excludes "[p]roperty in which the debtor holds . . . only legal

28   title and not an equitable interest." §§ 541(a)(1), (d). Thus, "[p]roperty in which the debtor

4

1   possessed only legal title cannot be recovered for the benefit of the bankruptcy estate" under

2   § 548. *Krommenhoek v. A-Mark Precious Metals, Inc. (In re Bybee)*, 945 F.2d 309, 315 (9th

3   Cir. 1991) (citations omitted). For any determination of property interests or rights, the court

4   must look to state law. *Barnhill v. Johnson*, 503 U.S. 393, 398 (1992) ("'[P]roperty' and

5   'interests in property' are creatures of state law." (citations omitted)); *Butner v. United*

6   *States*, 440 U.S. 48, 54 (1979) ("Congress has generally left the determination of property

7   rights in the assets of a bankrupt's estate to state law.").

8         Here, the Trustee, as the plaintiff, has the initial burden to demonstrate that the

9   $30,000 transferred to Serra originated from the Debtors. *Spear v. Global Forest Prods. (In*

10  *re Heddings Lumber & Building Supply, Inc.)*, 228 B.R. 727, 730 (9th Cir. BAP 1998); *cf.*

11  *Metcalf v. Golden (In re Adbox, Inc.)*, 488 F.3d 836, 842–43 (9th Cir. 2007) (discussing

12  similar burden of proof standard for preferential transfer claim under § 547). The burden

13  then shifts to Serra, as the defendant, to show that the funds can be traced to another party

14  other than the Debtors. *Heddings Lumber & Building Supply*, 228 B.R. at 730; *cf. Danning*

15  *v. Bozek (In re Bullion Reserve of N. Am.)*, 836 F.2d 1214, 1218 (9th Cir. 1988) (requiring

16  that defendant trace funds to show that property was not debtor's for purposes of § 547).

17        Here, the Trustee has satisfied his burden, and Serra has failed to meet his. The

18  evidence shows that the Debtors wrote a personal check in the amount of $30,000 payable

19  to Serra from a Wells Fargo bank account held in the Debtors' names. Serra has previously

20  acknowledged that this check came directly from the Debtors as well. Since the Debtors'

21  names also appeared on the check, it follows that Debtors had control over the associated

22  bank account along with any funds in that account, including the $30,000 that was later

23  transferred. Given this control, the Debtors presumably had an ownership interest in the

24  funds located in their bank account immediately before the Debtors transferred them to Serra

25  via a personal check. *See De Hart v. Allen*, 43 Cal. App. 2d 479, 481 (1941) ("When money

26  is paid to or deposited in the bank account of another it is presumed to be due to and to

27  belong to the latter. A person is presumed to own things possessed by him, and to be the

28  owner of property from exercising acts of ownership over it.") (citations omitted).

1   Because Serra failed to appear at trial, he has not introduced any evidence rebutting
2   this presumption and showing that the $30,000 can be traced to another source other than
3   from the Debtors. In his objection filed after trial, Serra raised the issue of the origins of the
4   $30,000 funds, arguing that the Trustee did not provide detailed evidence of where the
5   money actually came from. In essence, Serra contends that the Trustee's showing that the
6   $30,000 at one point sat in the Debtors' bank account is insufficient to establish their
7   ownership interest, but the burden of proof on that issue was Serra's.

8   Serra's argument means nothing without evidence tracing the funds to a third party
9   source. Serra chose not to participate in the trial and, in doing so, failed to realize that the
10  Trustee has satisfied his burden of proof on this factual issue. The Trustee sufficiently
11  demonstrate that the $30,000 originated from the Debtors' bank account, which raises the
12  presumption that it was the Debtors' property. It then became Serra's burden to show that
13  it was not actually the Debtors'. However, Serra has forfeited his right to introduce evidence
14  on that point and has failed to rebut the presumptions that favor the Trustee. Therefore, the
15  court finds that the $30,000 transferred to Serra constituted the Debtors' property that is
16  subject to the Trustee's fraudulent conveyance claim under § 548.

17  **Conclusion.**

18  Based on the foregoing, the court finds and concludes that the $30,000 was property
19  of the Debtors immediately prior to the transfer to Serra. All other elements of the Trustee's
20  claim have already been formally decided in the summary judgment motion. The Trustee
21  shall submit a proposed judgment.

22      Dated: July ___16___ , 2012

23
24
25      W. Richard Lee
        United States Bankruptcy Judge
26
27
28

6

FranciscoLujan Garica & Liduvina Garcia Garcia
Case No. 08-14334-B-7/Adv. No. 09-1104

Francisco Lujan Garcia
Liduvina Garcia Garcia
26620 Avenida 18½
Madera, CA 93638

Stuart M. Price, Esq.
Attorney at Law
15760 Ventura Blvd., #1100
Encino, CA 91436

James E. Salven
Chapter 7 Trustee
P.O. Box 25970
Fresno, CA 93729

Trudi G. Manfredo, Esq.
Attorney at Law
575 E. Alluvial, #103-A
Fresno, CA 93720

J. Tony Serra
506 Broadway
San Francisco, CA 94133

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare St., Ste. 1401
Fresno, CA 93721